**No. 58536.**—Cerruti & Cominneli *v.* United States, protests 160996–K, 186516–K, and 191223–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503), the claim of the plaintiff was sustained.

**No. 58537.**—M. & D. Miller, Inc. *v.* United States, protests 145436–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of Rockingham earthenware similar in all material respects to that the subject of *United States* v. *M. & D. Miller, Inc.* (41 C. C. P. A. 226, C. A. D. 556), the merchandise was held dutiable as follows: (1) The items entered, or withdrawn from warehouse, for consumption prior to January 1, 1948, at 12½ percent under paragraph 210, as modified by the trade agreement with the United Kingdom (T. D. 49753); and (2) the items entered, or withdrawn from warehouse, for consumption on and after January 1, 1948, at 20 cents per dozen articles, but not less than 7½ nor more than 25 percent ad valorem, under said paragraph, as modified by T. D. 51802, *supra.*

**No. 58538.**—Copeland & Thompson, Inc. *v.* United States, protests 227624–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in Abstract 57915, the merchandise was held dutiable as follows: (1) As to the items entered, or withdrawn from warehouse, for consumption prior to May 28, 1950, at 20 percent under paragraph 1547 (a); and (2) as to the items entered, or withdrawn from warehouse, for consumption subsequent to May 28, 1950, at 10 percent under said paragraph 1547 (a), as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476).

BEFORE THE FIRST DIVISION, DECEMBER 2, 1954

**No. 58539.**—French Worsted Company et al. *v.* United States, protests 184041–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

**No. 58540.**—Hallowell, Jones & Donald *v.* United States, protests 190930–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content Under T. D. 53159" in schedule "A," attached to and made a part of the decision in this case.

**No. 58541.**—Episcopal Chapel of Transfiguration *v.* United States, protests 184310–K and 206253–K (New York and Cleveland).

Opinion by OLIVER, C. J. An examination of the official papers disclosing nothing to disturb the collector's action, which was presumptively correct, the protests were overruled.

**No. 58542.**—Garay & Co., Inc. *v.* United States, protests 227200–K (B), 227200–K (C), and 229334–K (B) (New York).

Opinion by OLIVER, C. J. The motion to dismiss was granted, and the protests were dismissed.

**No. 58543.**—Colonial Optical Co. and Perryman, Mojonier Company et al. *v.* United States, protests 226714–K, etc. (Los Angeles).